FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 14 2011 ★

BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| UNITED STATES OF AMERICA<br><br>– against –<br><br>ROBERT SPATAFORA,<br><br>Defendant. | 10-CR-474<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On October 1, 2010, Robert Spatafora pleaded guilty to Counts Three, Four, and Five of a five-count superseding indictment. Count Three charged that between July 2009 and February 2010, Spatafora, together with others, conspired to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Count Four charged that between March 2010 and May 2010, he intimidated and threatened an unidentified victim, Jane Doe, with the intent to hinder, delay, and prevent communication with agents of the Federal Bureau of Investigation relating to the commission of a federal offense in violation of 18 U.S.C. § 1512(b)(3). Count Five charged that between July 2009 and May 2010, he, together with others, operating a gambling business involving sports betting in violation of New York State Penal Law §§ 225.05, 225.10, and 20.00, involving five or more people, and operating in excess of thirty days while earning at least $2,000 in any single day, in violation of 18 U.S.C. § 1955.

Spatafora was sentenced on May 27, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty and defendant's criminal history to be in category I, yielding a guidelines range of imprisonment of between thirty-three and forty-one months. Counts Three and Four carried maximum terms of imprisonment of twenty years each. *See* 21 U.S.C. §§ 841(b)(1)(c); 18 U.S.C. § 1512(b)(3). Count Five carried a maximum term of

imprisonment of five years. *See* 18 U.S.C. § 1955. The guidelines range of fine was from $7,500 to $1,000,000. The underlying indictment was dismissed by the court.

Spatafora was sentenced to forty-one months' incarceration and three years' supervised release. A $300 special assessment was imposed. A fine of $25,000 was imposed. The fine will be deemed satisfied by proceeds from the sale by the government of an automobile in the possession of the Suffolk County Police Department. Defendant is subject to forfeiture in the amount of $187,167.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant was born in 1972 and raised by married parents in a stable, middle-income home on Long Island. He dropped out of high school after the tenth grade. He has operated at least two businesses: an automobile towing company, from 1993 to 2006, and an auto repair company from 2001 until his arrest in 2010. Spatafora has been married since 1998 and has two children, ages six and eight. He separated from his wife in 2004 but continued to live in the same home with her and their children before his arrest.

Defendant is an associate of both the Colombo and Lucchese families of organized crime.

In 2003, an employee of defendant, Peter Ghattas, was murdered in the parking lot of defendant's auto repair shop. On March 30, 2010, Jane Doe, who was associated with defendant,

3

was arrested on an unrelated bench warrant. Defendant stated to his wife his belief that Jane Doe had been questioned by the police about the Ghattas murder. On May 11, 2010, over a series of phone calls recorded through a government wiretap, defendant accused Jane Doe of cooperating with the police and, in graphic language, threatened to kill her. The government states that defendant remains a suspect in the Ghattas killing. Spatafora vehemently denies any involvement in the murder.

Defendant used his business to receive deliveries of cocaine. Via telephone, he brokered purchases with suppliers, negotiating specific prices and amounts, on behalf of friends, employees, and acquaintances. Some of these purchases were for amounts worth as little as $100. On one occasion, he loaned a coconspirator $5,000 to purchase cocaine.

Spatafora also used his business to run an illegal gambling operation. The business included a traditional bookmaking operation, with bets on sporting events being placed by phone, and a gambling website registered in Costa Rica. The site stated that it was "for entertainment purposes only," but it allowed registered users to place bets on sporting events for money. Defendant used the services of acquaintances to collect gambling debts from bettors.

The sentence imposed is justified by defendant's witness tampering. He alleges that his acts were no more than mere words, spoken hastily and passionately, but words have consequences. In this case, the words used are the equivalent of physical violence in their effect on the person to whom they were directed and at the judicial and investigative processes they were intended to disrupt. Association with organized crime cannot be countenanced. Defendant's drug dealing and operation of gambling businesses indicate a disturbing pattern of deliberate illegal acts done for personal gain and with continued, flagrant disregard for the law.

The sentence imposed reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in witness tampering will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: May 27, 2011
      Brooklyn, New York