**Robert L. Spatafora, Jr.**
Reg. No.: 78207-053
FMC Butner - Cadre 2
Post Office Box 1600
Butner, NC 27509

10-CR-8 74

FILED
IN CLERKS OFFICE
US DISTRICT COURT E.D.N.Y.

★  MAR 2 - 2012  ★

**BROOKLYN OFFICE**

February 29, 2012

Clerk of the Court
U.S. District Court
 for the Eastern District of NY
Theodore Roosevelt U.S. Courthouse
225 Cadman Plaza East
Room 118S
Brooklyn, New York 11201

      Re:   United States v. Robert Spatafora, Jr.
             Case No: 10-CR-474

Dear Clerk of the Court:

     Please find the enclosed motion for filing in the above captioned case. Since I am pro se, I may have overlooked something, if so, please notify me of the deficiency at the above address so that I may correct it.

     Thank you in advance for the attention I trust you will give this matter.

Sincerely,

Robert L. Spatafora, Jr.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT L. SPATAFORA, JR.,<br>      Petitioner, | :<br>:<br>: |
| v. | :     Case No.: 10-CR-474<br>: |
| UNITED STATES OF AMERICA,<br>      Respondent. | :<br>: |

## MOTION TO COMPEL SPECIFIC
## PERFORMANCE OF THE PLEA AGREEMENT

Comes now, Robert L. Spatafora, Jr., proceeding pro-se, and respectfully moves this honorable Court for an Order to compel specific performance by the Government of its obligations under the plea agreement entered into by the parties in this case. Petitioner submits the following in support thereof:

### BACKGROUND

On or about May 18, 2010, agents from the Federal Bureau of Investigation's Regional Office executed a search warrant on property being rented by Spatafora at 4 Lantern Way, Nesconset, Smithtown, Suffolk County, New York. At the same time, agents executed an order for his arrest. Among the property seized was $212,167 in United States currency and a 1969 Chevy Camaro with an estimated retail value of $100,000. Spatafora was subsequently indicted in a five-count superseding federal indictment.

On or about September 28, 2010, Spatafora entered into a written plea agreement with the United States in which he pleaded guilty to Counts Three, Four, and Five of the superseding indictment.

On October 1, 2010, Spatafora appeared before this honorable Court and entered his guilty plea to the three agreed upon counts in the indictment. After determining the plea was knowing and voluntary, the Court accepted Spatafora's plea.

On May 27, 2011, Spatafora was sentenced to forty-one months incarceration and three years supervised release. A $300 special assessment and a $25,000 fine was imposed with the fine to be satisfied by proceeds from the sale by the government of the 1969 Chevy Camaro.

Spatafora did not appeal from the judgment of the Court. Consequently, the case became final 10 days after judgment entered.

**Facts Relevant to this Motion.**

Spatafora's September 2010 plea agreement between he and the government stipulated at paragraph 5 that:

> "...[T]he defendant consents to the forfeiture of $187,167 in United States currency seized from the vicinity of 4 Lantern Way, Nesconset, Town of Smithtown, Suffolk County, New York (the "Seized Currency"), and forfeits to the United States all of the defendant's right, title and interest in the Seized Currency as property that was used in violation of 18 U.S.C.§1955, and/or that constitutes or is derived from proceeds traceable to that offense. **The government will return to the defendant an additional $25,000 in United States currency that was seized from the vicinity of 4 Lantern Way, Nesconset, Town of Smithtown, Suffolk County, New York on or about the same date as the Seized Currency.**"

Plea Agreement at paragraph 5 (emphasis added).

Prior to sentencing, Spatafora satisfied his obligations under the plea agreement as it pertains to the forfeiture of $187,167.

Although this case has been final for nearly a year, the United States has failed to return Spatafora's $25,000 in United States currency as required under the clear and unambiguous terms of paragraph 5 in the plea agreement.

On October 13, 2011, in response to the government's attempts to obtain a monetary restraining order, Spatafora's objections also motioned the court for the return of the $25,000 pursuant to the plea agreement. Although the government removed the restraining order, neither it nor this court has addressed the undue delay in the return of Spatafora's $25,000.

2

## DISCUSSION

As set forth above, the clear and unambiguous language of Spatafora's plea agreement provided in relevant part that "the government [would] return to [him] $25,000 in United States currency that was seized" during the search executed on May 18, 2010. Despite the fact that it has been well over a year since the execution of the plea agreement, and nearly a year since the case became final, the government has failed to return the $25,000 as required. Spatafora contends that, as a result of the government's failure to comply with the express terms of of the plea agreement, an Order of this Court is necessary to enforce the terms of the agreement and to ensure he receives full benefit of his bargain.

The plea agreement process is an essential part of the criminal justice system, and allows both partis to benefit. While Spatafora's plea allowed him to limit his trial and/or sentencing exposure, the return of the $25,000 was also a benefit bargained for. Further, the government has already received the full benefit of its bargain in that: 1) it was relieved of the obligation to prepare for, and proceed to trial; 2) Spatafora has already forfeited to it the "Seized Currency"; 3) Spatafora waived fundamental constitutional rights except for in a very narrow set of circumstances; and 4) the government acheived a degree of finality in the case. See United States v. Yemitan, 70 F.3d 746, 748 (2nd. Cir. 1995). Spatafora contends that parties to an agreement are entitled to receive the full benefit of the bargain struck, and this is no less true in the plea agreement context.

This Circuit holds that plea agreements are construed in accordance with contract law principles, United States v. Vaval, 404 F.3d 144, 152 (2nd. 2005); and, pursuant to those principles, and other policy considerations, plea agreements drafted by the government, are construed "strictly against the government" and courts should "not 'hesitate to scrutinize the government's conduct to ensure that it comports with the highest standards of fairness.'" Id.

Moreover, in determining whether a plea agreement has been violated, a court

3

must look to what the parties reasonably understood the terms of the agreement to be. See Vaval at 152. Because a defendant agrees to waive fundamental constitutional rights, "prosecutors must meticulously perform their obligations under plea agreements." Vaval at 152-53. Here, since the government drafted the the plea agreement and its terms, it can hardly be contested that both parties "reasonably understood" that the government was expected to return the $25,000 to Spatafora. Consequently, its failure to timely do so is violative of the agreement. Spatafora. Consequently, the failure to do so not only violates the terms of the agreement it also fails to "comport with the highest standards of fairness".

When the government breaches a plea agreement; the defendant is entitled to, inter alia, an Order requiring specific performance of the agreement. Vaval at 154. Therefore, given the government's unreasonable and unexplained delay in performring its obligation under the unambiguous language of the agreement, Spatafora contends he is entitled to such an Order.

## CONCLUSION

Wherefore, having shown good cause, Spatafora respectfully moves this honorable Court for an Order to compel specific performance by the Government of its obligation under to the plea agreement. Namely, the return of $25,000 in United States currency to Spatafora.

Respectfully submitted this 29th day of February, 2012.

Robert L. Spatafora, Jr.
Reg. No.: 78207-053
FMC Butner - Cadre 2
Post Office Box 1600
Butner, NC 27509

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Compel Specific Performance of the Plea Agreement was served on opposing counsel by placing a true and correct copy in the hands of Prison Authorities for mailing via the U.S. Postal Service addressed to the parties below and having sufficient pre-paid first-class postage affixed:

    AUSA Stephen E. Frank
    AUSA Rachel J. Nash
    U.S. Attorney's Office
    271 Cadman Plaza East
    Brooklyn, New York 11201

I hereby swear under penalty of perjury, 28 U.S.C. §1746, that the foregoing is true and correct.

Executed this 29th day of February, 2012.

                                        Robert L. Spatafora, Jr.
                                        Reg. No.: 78207-053
                                        FMC Butner - Cadre 2
                                        Post Office Box 1600
                                        Butner, NC 27509